Eastern District of Kentucky
FILED

SEP 2 6 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-304-JMH

LARRY RUTHER                                                                PLAINTIFF

VS:          **MEMORANDUM OPINION AND ORDER**

MARK SIMMONS
and RETE FUNDING GROUP, LLC                                          DEFENDANTS

\*\* \*\* \*\* \*\* \*\* \*\*

Larry Ruther, who gives an address in Richmond, Kentucky, has submitted a *pro se* one-page pleading which he has hand-written and entitled "Complaint" [Record No. 1], together with a motion to proceed *in forma pauperis* [Record No. 2].

The complaint is before the Court for initial screening. 28 U.S.C. §1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 6701, 607-8 (6th Cir. 1997); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.), *cert. denied*, 528 U.S. 1198 (1999).

As a *pro se* pleading, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* pleading must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

JURISDICTION/CLAIMS

The plaintiff asserts that this Court has diversity jurisdiction over his claims for mail fraud and breach of contract.

## DEFENDANTS

As defendants, the plaintiff has named Mark Simmons and Rete Funding Group, and he has filled out a summons form for each defendant with the same address in Casanova, Virginia.

## RELIEF REQUESTED

The Court construes the plaintiff's allegations to demand (a) a trial on October 14, 2006; (b) damages in the amount of $120,000; and (c) a warrant for Simmons for committing a crime.

## FACTUAL ALLEGATIONS

The Court has difficulty with the plaintiff's handwriting and sentence fragments. It construes the complaint as follows:

The plaintiff seems to allege that he contracted with both defendants and he mentions giving $65,000 to Rete with a note on July 15, 2006 and giving $12,000 on September 16, 2006. He charges Rete with "default, RICO, fraud, steal $."

Attached to the complaint is another page in the plaintiff's handwriting, this one labeled "Contract" and dated both April 12, 2006, and June 12, 2006. In it is a list of what Rete is purportedly promising to pay:

> $120k in 90 days
> $80k / trust MD
> 55k Morovia Land Close
> 20k by 4-20-06

Attachment to complaint. It is signed by the plaintiff, and another person's signature also appears, below which is printed both "Simmons" and "Rete Funding Group LLC  VA. [and] MD."

There is a second attachment, a form promissory note, dated August 9, 2004, and bearing a heading referring to the state of Virginia. The first paragraph of this note reads as follows:

2

> FOR VALUE RECEIVED, the undersigned hereby jointly and severally promise to pay to the order of L. Ruther and M. Castillo, the sum of Thirty nine thousand Dollars ($39,000.00), together with interest thereon at the rate of 1% per week on the unpaid balance. Said sum shall be paid in the manner following: Thirty nine thousand will be paid in full at the time of closing of 3604 Cedardale Road, Baltimore, MD 21215.

Second Attachment to complaint. The plaintiff, or someone, has written words and numbers helter-skelter on this document. In the two signature lines at the bottom of the page are "Rete Funding Group" and what appears to be the name of a construction company.

## DISCUSSION

When he filed the initial pleading herein, the plaintiff submitted a cover sheet claiming diversity as the basis of the Court's jurisdiction and marking that his citizenship is totally diverse from the individual and the business defendants. He also hand-wrote that his cause was "Breach Contract Mail Fraud." Then in both his complaint and on summons forms, he has given his address in Kentucky and the Defendants' address in Virginia.

The statute setting out diversity jurisdiction provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §1332(a)(1). If this is a contract action and demand is for $120,000 and the plaintiff is correct about the addresses being the parties' actual residencies, then the plaintiff may properly be before a district court for his causes of action herein.

However, the next question is about the proper district court in which to bring the diversity action. Another district court in this circuit has noted the following with regard to venue:

> Plaintiff bears the burden of showing that venue is proper. *Kepler v. ITT Sheraton Corp.*, 860 F.Supp. 393, 396 (E.D. Mich. 1994). Venue must be proper for each

3

claim and as to each defendant in order for the court to retain the action. *Salpoglou v. Schlomo Widder, M.D.*, 899 F.Supp. 835, 839 (D.Mass. 1995); *Jarrett v. State of North Carolina*, 868 F.Supp. 155, 158 (D.S.C. 1994).

*Verbis v. Iowa Dept. of Human Services*, 18 F.Supp.2d 771, 774 (W.D. Mich. 1998).

Accordingly, the Court begins with the venue statute. It is 28 U.S.C. §1391(a) which contains proper venue provisions for diversity actions:

> (a)   A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*Id.* The first of the three venue options applies to the situation currently before this Court: subsection (a)(1), "a judicial district where any defendant resides." The plaintiff has alleged that both of the defendants reside in Virginia. Thus, this Court finds that venue is proper in Virginia.

Venue may be proper in more than one venue. 28 U.S.C. § 1391(a); *First of Michigan Corporation v. Bramlet*, 141 F.3d 260 (6th Cir. 1998). As to the second option, the plaintiff has not alleged that any part of the events occurred in Kentucky and the only referenced property is not in Kentucky. Therefore, subsection (a)(2) does not apply to make venue proper in Kentucky. Subsection (a)(3) would place venue in Kentucky only if there is no venue under subsection (a)(1) or (a)(2). However, this Court having found venue proper in Virginia under subsection (a)(1), the default in subsection (a)(3) is not applicable so as to permit venue in Kentucky.

In short, venue is improper in Kentucky. Another statute provides two remedies for improper venue. "The district court of a district in which is filed a case laying venue in the wrong division or

4

district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Sixth Circuit has held that §1406 applies where venue is improper. *Audi AG & Volkswagen,* 204 F.Supp.2d 1014, 1022 (E.D.Mich.2002) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 634 (1964)).

Since this Court has concluded that venue is improper in this district, then the Court must choose from the two remedies available in §1406. The matter of whether to transfer or to dismiss the action is within the Court's discretion. *First of Michigan Corporation v. Bramlet,* 141 F.3d at 262. *See also PML North America, LLC v. ACG Enterprises of NC, Inc. et al.,* 2006 WL 334269 (E.D. Mich. 2006) (slip op.).

This matter was filed only days ago. No filing fee has been paid to this Court, and the complaint suggests no prejudice which would occur if the complaint were dismissed rather than transferred. *See Verbis v. Iowa Dept. of Human Services,* 18 F.Supp.2d at 775. Indeed, if and when the plaintiff files in a district court in Virginia or Maryland, he may choose to have a more legible complaint to better show the nature of his claims and basis for his entitlement to relief. The Court cannot find that it would be in the interests of justice to transfer this cause of action. Therefore, the Court will dismiss this case, the dismissal to be without prejudice to the plaintiff's right to re-file in a district with proper venue.[1]

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

---

[1] The Court has come to the same conclusion with another *pro se* case which was filed by Plaintiff Ruther simultaneously with this one. In *Ruther v. O'Neal, et al.,* 06-CV-303-JMH, he claimed diversity with Georgia defendants.

5

(1)     The plaintiff's motion to proceed *in forma pauperis* [Record No. 2] is **GRANTED**. 28 U.S.C. § 1915(a).

(2)     This action is **DISMISSED**, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the 26th day of September, 2006.

JOSEPH M. HOOD, CHIEF JUDGE